**SO ORDERED.**

**SIGNED this 16 day of December, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

**PREMIERE HOSPITALITY GROUP, INC.,**         **CHAPTER 11**
                                                                                    **CASE NO. 13-02145-8-RDD**
        **DEBTOR.**

## ORDER DENYING CONFIRMATION OF
## CHAPTER 11 PLAN OF REORGANIZATION

Pending before the Court is the Chapter 11 Plan of Reorganization filed by Premiere Hospitality Group (the "Debtor") on June 2, 3013 (the "Plan") and the Disclosure Statement filed by the Debtor on June 2, 2013 (the "Disclosure Statement"), the Bankruptcy Administrator's Objection to Confirmation of Amended Plan and Approval of Amended Disclosure Statement filed by the Bankruptcy Administrator on August 28, 2013, the Objection to Confirmation of Plan filed by Branch Banking and Trust Company ("BB&T") on August 28, 2013. The Court conducted a hearing on the Plan and Disclosure Statement on November 19, 2013, in Greenville, North Carolina.

.

## BACKGROUND

On April 3, 2013, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor is a North Carolina corporation located in Whiteville, North Carolina. The Debtor operates a sixty-two (62) unit Quality Inn Hotel. The Debtor has not been operating at full room capacity since approximately 2010, with numerous rooms out of order. The Debtor has been working to rehabilitate all of its rooms and have them available to rent. Prepetition, BB&T filed a complaint, seeking the appointment of a receiver, which caused the Debtor to file the current Chapter 11 petition.

The Debtor's primary secured creditor is BB&T pursuant to a promissory note in the original principal amount of $2,008,000.00. BB&T filed Proof of Claim No. 11 in the amount of $2,053,976.87 with interest accruing at the default rate of 8.25%. BB&T is secured by a leasehold deed of trust, assignment of leases and rents, and a security agreement granting a lien on equipment, general intangibles, supporting obligations, and products and proceeds thereof. The Debtor scheduled the value of its leasehold interest in 1415 N. J.K. Powell Blvd., Whiteville, North Carolina, located on approximately three acres, as $2,400,000.00.

Pursuant to the Plan, the Debtor proposes to treat BB&T's claim as secured in the amount equal to the outstanding balance on the petition date, less all postpetition payments. The Debtor proposes to amortize the secured amount over a period of thirty (30) years with interest accruing at 4.75% per annum, and a balloon payment in ten (10) years.

BB&T voted to reject the Plan. BB&T objects to its treatment under the proposed plan on the basis that its treatment is not fair and equitable within the meaning of 11 U.S.C. § 1129(b), among other objections. BB&T asserts that the proposed reamortization of BB&T's claim is not

representative of the risk factors inherent in the Debtor's business and financial position. Further, BB&T contends the proposed amortization period of thirty (30) years with a 4.75% interest rate and a ten (10) year balloon is inconsistent with the market terms for loans for similar businesses and is unreasonable.

BB&T further objects to its treatment as follows: (1) the Debtor alleges that BB&T is oversecured but fails to provide for postpetition interest and attorneys' fees pursuant to 11 U.S.C. § 506; (2) the Debtor's plan improperly reduces BB&T's secured claim by the amount of payments received postpetition; (3) the Debtor's plan fails to disclose the nature of any compensation proposed for insiders pursuant to 11 U.S.C. § 1129(a)(5); (4) the Debtor's plan lacks an accepting impaired class as provided in 11 U.S.C. § 1129(a)(8), (10); (5) Choice Hotels (Class 8) is treated as an independent impaired class of creditors and should instead be classified with other general unsecured claims; (6) the separate classification of general unsecured claims less than $1,000.00 (Class 10) creates an artificially impaired class; (7) the Debtor's plan is not feasible and is likely to be followed by liquidation or the need for further reorganization pursuant to 11 U.S.C. § 1129(a)(11); (8) The Debtor's plan does not provide for the Internal Revenue Service and the North Carolina Department of Revenue secured claims in a manner that is consistent with 11 U.S.C. § 1129(a)(9)(D); (9) BB&T's liens should not be released prior to satisfaction of its claim in full; (10) the Debtor's plan fails to classify any unsecured deficiency portion of BB&T's claim with other general unsecured claims.

Because the Court finds that the treatment of BB&T is not fair and equitable, the Court need not address the remaining objections advanced by BB&T.

## **DISCUSSION**

A plan must be "fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1).  Section 1129(b)(2) sets forth the standards a plan must meet to be considered "fair and equitable."  *In re EFH Grove Tower Assocs.*, 105 B.R. 310, 313 (Bankr. E.D.N.C. 1989).  However, these requirements are not exclusive.  *Id.*  Even if a plan meets the standards of 11 U.S.C. § 1129(b)(2), it can still be considered not "fair and equitable" and, therefore, nonconfirmable.  *Id.* (citing *Matter of D&F Construction Co.*, 865 F.2d 673, 675 (5th Cir. 1989); *In re Cheatham*, 78 B.R. 104 (Bankr. E.D.N.C. 1987), *aff'd* 91 B.R. 377 (E.D.N.C. 1988)).  For a plan to be "fair and equitable," the "plan must literally be fair and equitable." *Id.*

The Debtor's proposed treatment of BB&T's claims is not fair and equitable. The Plan proposes a lengthy period of amortization and places all of the risks associated with the debt on BB&T.  The thirty (30) year amortization period is not a reasonable market term for a loan of this nature. Additionally, the ten (10) year balloon is not reasonable and is inconsistent with the market terms for loans of similar businesses.

Greg Fleming, Special Assets Manager for BB&T's Special Assets Group, testified on behalf of BB&T. Mr. Fleming testified that the Debtor's loan has been modified several times and that the latest modification took place in October of 2011.  Mr. Fleming testified that BB&T did not receive any payments from the Debtor from October 2011 until it received a postpetition adequate protection payment from the Debtor.  Mr. Fleming testified that in his opinion, the Debtor would not currently qualify for a loan. Mr. Fleming testified that based on the Debtor's history and the unique circumstances which banks consider when lending to hotel properties, a twenty ("20") year amortization period would be more reasonable than the thirty ("30") year amortization period

4

proposed by the Debtor. Further, Mr. Fleming testified that interest rates are determined based on an assessment of risk factors and in his opinion an interest rate of 6.25% - 6.50% would be reasonable. Based on his experience Mr. Fleming does not believe the Debtor's proposed plan treatment resembles the current market treatment for loans of similar nature.

A plan which imposes substantial risks upon a creditor may not be fair and equitable under 11 U.S.C. § 1129(b)(1). *See In re EFH Grove Tower Assocs*, 105 B.R. 310 at 313-14 (noting that the "costs of the debtor's reorganization should be borne by those who stand to gain from the reorganization.").

## CONCLUSION

Accordingly, the Court finds that the Plan does not satisfy the requirements of § 1129. Therefore, confirmation of the Plan is **DENIED**. The Debtor may file an amended plan and amended disclosure statement.

**SO ORDERED.**

**END OF DOCUMENT**